Hay, Judge,
delivered the opinion of the court:
The question for decision in this case is the proper construction to be given to the following provision contained *159 in the act of September 14, 1922, 42 Stat. 840, 841, which reads as follows:
“ That the discharge and recommissioning of officers in the next lower grade shall not operate to reduce the pay or allowances which they are now receiving or to deprive them of credit for service now counted for purposes of pay or retirement.”
This is the case of a captain, demoted to the grade of first lieutenant, who was in the third pay period at the time of his demotion. The provisions of the act above cited permitted him to continue to be entitled to the pay of the third pay period he was entitled to at that time.
The plaintiff, however, claims that he is entitled to the longevity pay of a captain, while in the grade of first lieutenant, notwithstanding the fact that his longevity pay, or the part of it which he claims, accrued while he was serving as first lieutenant and not as captain. In other words, the plaintiff says that the effect of the statute is to give him longevity pay which he earned after his demotion. But in our opinion the statute precludes any increase in pay to accrue to him in the third pay period in the grade of captain upon his attaining a new pay period through service. When he was promoted to the grade of captain and not before was he entitled to any increase of pay over that which he drew after his demotion, unless through longevity in the grade of first lieutenant, and that pay he has received. The act certainly can not be construed as giving increased pay for future services, but insures to officers the pay and allowances which they were receiving at the time of the passage of the act, and no more.
The above is the interpretation given the statute by the War Department and the Comptroller General (8 Comp. Gen. 615), and we think that interpretation is correct.
The petition of the plaintiff must be dismissed. It is so ordered.
Moss, Judge; Gkaham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.