Littleton, Judge,
delivered the opinion of the court:
In this suit plaintiff claims (1) the difference between $200 a month, which he was receiving on June 30, 1922, as computed under the act of May 11, 1908, 35 Stat. 106, and the pay of an officer of the third pay period with over three years’ service, or $10 a month from July 1, 1922, to September 26, 1923, amounting to $145; (2) the difference between the rental allowance payable to an officer of the second pay period and that provided for officers of the third pay period, or $20 a month from July 1, 1922, to December 31, 1925, amounting to $840.
The claim for $275, representing an increase of $10 a month for longevity pay from September 26, 1923, to December 31, 1925, was abandoned under the decision of this court in Aubrey I. Eagle, 63 C. Cls. 157.
Plaintiff claims that his first appointment in the permanent service within the meaning of the joint service pay act of June 10, 1922, 42 Stat. 625, was his appointment as first lieutenant in the Regular Army on November 25, 1920, to date from July 1, 1920, under section 24, act of June 4, 1920, 41 Stat. 771.
On the other hand, the defendant insists that plaintiff’s first appointment in the permanent service within the meaning of this act was in the grade of second lieutenant, provisional, in the Regular Army, on November 10, 1917, under section 23, act of June 3, 1916, 39 Stat. 166. Section 1 of the joint service pay act of June 10, 1922, 42 Stat. 625, provides :
“ That, beginning July 1, 1922, for the purpose of computing the annual pay of the commissioned officers of the Regular Army * * * below the grade of brigadier general, * * * pay periods are prescribed, and the base pay for each is fixed as follows:
“ The first period, $1,500; the second period, $2,000; the third period, $2,400; the fourth period, $3,000; the fifth period, $3,500; and the sixth period, $4,000.
$ $ ‡ ‡ ‡ $
“ The pay of the third period shall be paid to * * * captains ,of the Army, * * * who have completed seven years’ service, or whose first appointment in the permanent *49 service was in a grade above that corresponding to second lieutenant in the Army, or whose present rank dates from July 1, 1920, or earlier; * * *.
“ The pay of the second period shall be paid to captains of the Army, * * * who are not entitled to the pay of the third or fourth periods; * * *.”
In order to come within the provisions of this statute granting third pay period to captains of the Army, it was necessary that plaintiff, on July 1, 1922, should have completed seven years’ service, or that his first appointment in the permanent service was to a grade above that of second lieutenant of the Army. On July 1, 1922, his total service amounted to less than five years; and unless his first appointment in the permanent service, within the meaning of the act, was to a grade above second lieutenant he is not entitled to recover. Section 23 of the act of June 3, 1916, 39 Stat. 166, entitled “An act for making further and more effectual provision for the natural defense, and for other purposes,” provided:
“ Origmal appointments to be provisional. — Hereafter all appointments of persons other than graduates of the United States Military Academy to the grade of second lieutenant in the Eegular Army shall be provisional for a period of two years, at the close of which period such appointments shall be made permanent if the appointees shall have demonstrated, under such regulations as the President may prescribe, their suitability and moral, professional, and physical fitness for such permanent appointment, but should any appointee fail so to demonstrate his suitability and fitness, his appointment shall terminate; and should any officer become eligible for promotion to a vacancy in a higher grade and qualify therefor before the expiration of two years from the date of his original appointment, he shall receive a provisional appointment in such higher grade, which appointment shall be made permanent when he shall have qualified for permanent appointment upon the expiration of two years from the date of his original appointment, or shall terminate if he shall fail so to qualify.”
Under the provisions of this section and paragraph 1 of the act of May 18, 1911, 40 Stat. 76, authorizing the President to raise, organize, officer, and equip the Eegular Army to the maximum strength authorized by law, plaintiff was *50 appointed provisional second lieutenant of the Regular Army October 26, 1917, and accepted November 10, 1917.
Section 24, act of June 4, 1920, 41 Stat. 759, 771, amending the act approved June 3, 1916, sufra, provides—
“ Filling of vacancies. — Not less than one-half of the total number of vacancies caused by this act, exclusive of those in the Medical Department and among chaplains, shall be filled by the appointment, to date from July 1, 1920, and subject to such examination as the President may prescribe, of persons other than officers of the Regular Army who served as officers of the United States Army at any time between April 6, 1917, and the date of the passage of this act. A suitable number of such officers shall be appointed in each of the grades below that of brigadier general, according to their qualifications for such grade as may be determined by the board of general officers provided tor in this section. * * * Vacancies remaining in grades above the lowest which are now filled by such appointments shall be filled by promotion to date from July 1, 1920, in accordance with the provisions of section 24c hereof.”
We think the first appointment of plaintiff in the permanent service was his appointment in. 1917 under the act of June 3, 1916. This was an appointment to the Regular Army which is the permanent Military Establishment existing both in peace and in war (act of April 22,1898, 30 Stat. 361; act of June 3, 1916, 39 Stat. 166), and those appointed thereunder were on a different footing as to tenure of office from those appointed only for the period of emergency. The only manner, at the time plaintiff was appointed, for persons other than graduates of the U. S. Military Academy to be appointed to a commissioned grade in the Regular Army was by provisional appointment as second lieutenant, and this was the appointment which plaintiff received; although his continuation in the permanent service was conditioned upon his meeting certain requirements showing his suitability and fitness, no new appointment was necessary, the statute merely providing a summary method of terminating the appointment of those found unsuitable for the service. His commission in such permanent service was not terminated in connection with the demobilization of the war Army, but by his voluntary resignation, September 23, 1919. *51 Had he continued in the regular service and been promoted to a captaincy, which rank he was, holding on June 30, 1922, he would have been entitled only to the pay and allowances of the second-pay period. His base pay is not increased by his resignation and subsequent appointment in a grade above second lieutenant. This was not his first appointment in the permanent service. Plaintiff, having been discharged as captain and recommissioned in the grade of first lieutenant, November 18, 1922, was entitled during the period in question to base pay at the rate of $200 a month, subsistence allowance, with dependent, at $1.20 a day, and rental allowance, with dependent', at $60 a month. This he has received.
Plaintiff urges that the phrase “ first appointment in the permanent service ” as used in the joint service pay act of June 10, 1922, has reference to appointments to vacancies created or caused by the act of June 4, 1920, termed the “ reorganization act,” and not to appointments made under the entirely different system prevailing before that time; that section 23 of the act repealed all laws providing for provisional appointments and that it would be unjust to hold that a person who served during the World War and was appointed under the reorganization act would, if he happened to have been an officer of the Army and theretofore resigned his commission, be thereby barred from the same consideration afforded other World War officers who had not previously served, but we think the act of June 10, 1922, was intended to apply to appointments theretofore made in the permanent service for the language used was u that the pay of the third period shall be paid to * * * officers of corresponding grade who have completed seven years’ service or whose first appointment in the permanent service was in a grade above * * * second lieutenant. * * (Italics ours.)
The court is of the opinion that plaintiff is not entitled to recover. The petition must therefore be dismissed, and it is so ordered,
Williams, Judge; Green, Judge; Gbaham, Judge; and Booth, Chief Justice, concur.