Booth, Chief Justice,
delivered the opinion of the court:
The plaintiff, Bobert H. Furey, was on August 18, 1924, commissioned an ensign (temporary) in the Coast Guard. The act of April 21, 1924 (43 Stat. 105), authorized temporary increases of the Coast Guard for law enforcement, and in pursuance of the act the President appointed the plaintiff. On October 2,1925, the plaintiff was promoted to lieutenant, junior grade (temporary), and finally on March 7, 1927, the plaintiff received a permanent appointment as lieutenant, junior grade, and is now in the permanent service.
The joint service pay act of June 10, 1922 (42 Stat. 625), provides the following rates of pay, viz:
“An act to readjust the pay and allowances of the commissioned and enlisted personnel of the Army, Navy, Marine *301 Corps, Coast Guard, Coast and Geodetic Survey, and Public Health Service.
“Be it enacted [etc.], That, beginning July 1, 1922, for the purpose of computing the annual pay of the commissioned officers of the Regular Army and Marine Corps below the grade of brigadier general, of the Navy below the grade of rear admiral, of the Coast Guard, of the Coast and Geodetic Survey, and of the Public Health Service below the grade of surgeon general, pay periods are prescribed, and the base pay for each is fixed as follows:
“ The first period, $1,500; the second period, $2,000; the third period, $2,400; the fourth period, $3,000; the fifth period, $3,500; and the sixth period, $4,000.
^ H* # H* H* ‡
“ The pay of the second period shall be paid to captains of the Army, lieutenants of the Navy, and officers of corresponding grade who are not entitled to the pay of the third or fourth period; to first lieutenants of the Army, lieutenants (junior grade) of the Navy, and officers of corresponding grade who have completed three years’ service, or whose first appointment in the permanent service was in a grade above that corresponding to second lieutenant in the Army; and to second lieutenants of the Army, ensigns of the Navy, and officers of corresponding grade who have completed five years’ service.
“The pay of the first period shall be paid to all other officers whose pay is provided for in this section.”
The plaintiff received the pay and allowances of his rank and grade as a temporary officer until August 17, 1927, when, upon the completion of three years of service, he became entitled to the pay and allowances of the second period. This suit is for the recovery of the pay and allowances of the second period from March 7, 1927, the date of his permanent appointment, to August 17, 1927, the date when he began to receive the pay of the second period under the foregoing statute.
The case turns upon the construction to be given to the provision in the act of June 10, 1922 (supra), which accords to officers the pay and allowances of the second period “ whose first appointment in the permanent service was in a grade above that corresponding to second lieutenant in the Army.” The plaintiff meets all the requirements of the act unless it may be held that his temporary appointment *302 as an ensign made August, 1924, was bis first appointment in the permanent service. The Comptroller General in a written opinion announced June 3, 1927, adhered to a previous holding in a similar case (5 Comp. Gen. 33) announced on August 9, 1926, and denied the plaintiff’s right to second-period pay. The above opinions, upon which the defendant relies, are predicated upon a conclusion that the act authorizing a temporary increase in the Coast Guard did not create an adjunct force and “ that an officer who was appointed a second lieutenant, temporary, in the Marine Corps, thereunder, and who was subsequently appointed a first lieutenant in the Marine Corps was first appointed in the permanent service in the grade of second lieutenant.” With this conclusion we are unable to agree. The act of April 21, 1924 (supra), does, in our opinion, provide an auxiliary force, one set up in the manner designated in the statute, one distinctly recognized in section 4 (c) of the act wherein by the express directions of the law “ all persons appointed under this section shall be placed upon a special list of temporary officers, as distinguished from the list of permanent officers, of the Coast Guard. The President is authorized, without regard to length of service or seniority, to promote to grades not above lieutenant, in the line or Engineer Corps, or to reduce officers on such special list, within the number specified for each grade, and he may, in his discretion, call for the resignation of, or dismiss, any such officer for unfitness or misconduct.” Obviously, the legislation recognizes and maintains the distinction between the temporary and permanent forces of the service. No apparent necessity exists for discriminating between the status, pay, and allowances as provided in the act of June 10,1922 (supra), of a temporary and permanent officer of the Coast Guard if a temporary appointment is to be considered a first appointment in the permanent service. In the use of this latter term Congress was addressing legislation to a service long since established, organized under prior laws, permanent in character, and to be continued. Just why an officer of the temporary service, who had attained the rank and grade of lieutenant, junior grade, should be denied the pay of his rank and grade when *303 appointed for the first time in the permanent service, and another officer of the same rank and grade, who had attained his advances outside the temporary service, should receive the greater pay allowed by the statute when first appointed in the permanent service, is not apparent. The act, we think, was not intended to, and did not, accomplish this result. In legislating with reference to appointments in the permanent service, Congress fixed the status of officers in that service just as was done with meticulous care for officers in the temporary service or those transferred from the permanent to the temporary service. Congress throughout the series of acts respecting this issue has consistently maintained the distinction between the temporary and permanent service in the guard. The act of July 3, 1926 (44 Stat. 815), by the following provisions exemplifies this fact:
“An act to readjust the commissioned personnel of the Coast Guard, and for other purposes.
“Be it enacted [etc.], That on and after July 1, 1926, the number of regular commissioned officers, other than chief warrant officers, authorized in the Coast Guard shall be three hundred and forty, distributed in grades as follows: * * *
% # # Hí #
“ Seo. 2. That on and after July 1, 1926, the number of temporary commissioned officers authorized in the Coast Guard shall be one hundred and fifteen, distributed in grades as follows: Fifty lieutenants, and sixty-five lieutenants (junior grade) and ensigns of the line, and after that date no more temporary officers shall be appointed in the grade of lieutenant commander or above.
* * * * N=
“ Sec. 5. That the President is authorized to appoint, by and with the advice and consent of the Senate, temporary commissioned officers to be commissioned officers in the regular Coast Guard in grades not above lieutenant: Provided, That no temporary officer shall be appointed a regular commissioned officer until his entire fitness for such appointment has been established to the satisfaction of a board of commissioned officers of the Coast Guard appointed by the President, and until he has been pronounced physically qualified by a board of medical officers: Provided fwrtfier, That temporary officers who may be thus commissioned in the regular Coast Guard shall take rank in the grades in which they are *304 appointed in accordance with the dates of their commissions as regular officers.”
Continuously in practically all the sections of the above law, many of which we do not quote, provision is made as to “ temporary,” “ regular,” “ temporary commissioned officers,” and “commissioned officers in the regular Coast Guard.” This, we think, as observed by plaintiff in the brief, discloses “ the exact distinction drawn for pay purposes by the act of June 10, 1922.”
The plaintiff served for almost three years as a temporary officer of the Coast Guard. He was advanced,, in rank and grade to lieutenant, junior grade, and held that rank and grade when made an officer in the permanent service. Surely the pay statutes which apply to permanent officers in the permanent service were intended to apply to him with the same degree of equality, both as to length of service, rank, and grade, as apply to others in a similar status upon their first induction into the permanent service. Congress used the term “ permanent service ” and by so doing clearly recognized the right to pay and allowances so fixed for service in the guard of indefinite tenure, to which the officer was appointed. We need not comment upon the distinction between temporary and permanent service; the statutes disclose the intent of the Congress.
Judgment for plaintiff for $429.34. It is so ordered.
Williams, Judge; LittletoN, Judge, and GreeN, Judge, concur.