Littleton, Judge,
delivered the opinion of the court:
In this case the court, on December 7, 1931, held that the plaintiff was first appointed in the permanent service in a grade above that corresponding to second lieutenant and decided that he was entitled to the pay and allowances of the third period under the act of June 10, 1922, 42 Stat. 625, in the rank of captain from August 7, 1925, to March 29, 1926.
Under the act of May 22, 1917, entitled “An act to temporarily increase the commissioned and warrant and enlisted strength of the Navy and Marine Corps, and for other purposes,” the plaintiff was on September 18, 1917, appointed a temporary second lieutenant in the Marine Corps to rank from August 27, 1917, in accordance with the provisions of this act. He was promoted to first lieutenant (temporary) on March 7, 1918, to rank from August 28, 1917, and to captain (temporary) on December 9, 1918, to rank from July 1, 1918. He was honorably discharged from the Marine Corps .as a captain, temporary, August 14, 1919, and accepted a permanent appointment as first lieutenant in the regular Marine Corps on April 5, 1921. He was promoted to captain August 7, 1925, and has since served continuously in that grade.
*593 It is urged in the defendant’s motion for a new trial that this case is governed by the decision of this court in Webb v. United States, 69 C. Cls. 46, in which this court held that a provisional appointment in the Eegular Army under the act of June 3, 1916, 39 Stat. 166, was the first appointment in the permanent service. But, in view of the special provisions of the act of May 22, 1917, 40 Stat. 84, 86, particularly sections 4, 5, 7, and 9, it is our opinion that the holding in the case of Webb v. United States, supra, does not apply in this case.
Although the Marine Corps is a branch of the permanent Military Establishment, the act of May 22, 1917, makes a clear distinction between temporary appointments thereunder and permanent appointments in the Navy or Marine Corps, and we think the provision in the act of June 10, 1922, with reference to the “first appointment in the permanent service” intended that a temporary appointment to the “temporary” increased strength of the Marine Corps, under the act of May 22, 1917, supra, should not be treated as a “first appointment” in the permanent service. In these circumstances we are of opinion that this case is controlled by the decision of this court in Furey v. United States, 70 C. Cls. 299.
Section 4 of the act of May 22, 1917, provides that “additional commissioned officers in the Navy and Marine Corps, based upon the temporary increases herein authorized in the number of enlisted men, shall be temporarily appointed by the President, in his discretion, with the advice and consent of the Senate, not above the grades and ranks of lieutenant in the line and staff of the Navy and major in the Marine Corps.”
Section 5 of the act provides that “the additional temporary officers authorized in the various grades and ranks of the Navy and Marine Corps in accordance with the next preceding section may be temporarily appointed to serve in the grades or ranks to which appointed or promoted by the temporary advancement of officers holding permanent and probationary commissions.” This section distinguishes the status of an officer temporarily appointed and one holding a permanent or probationary appointment. Temporary ap *594 pointments were made to fill such vacancies as might occur by the promotion of permanent officers to higher ranks.
Section 7 provides that “the permanent and probationary commissions, appointments, and warrants of officers shall not be vacated by reason of their temporary advancement or appointment, nor shall said officers be prejudiced in their relative lineal rank in regard to promotion in accordance with the act of August twenty-ninth, nineteen hundred and sixteen. * * * That upon the termination of temporary appointments in a higher grade or rank as authorized by this act the officers so advanced, * * * shall revert to the grade, rank, or rating from which temporarily advanced, unless such officers or enlisted men in the meantime, in accordance with law, become entitled to promotion to a higher grade or rank in the 'permanent Navy or Marine Corps, in which case they shall revert to said higher grade or rank and shall, after passing the prescribed examinations, be commissioned accordingly.” (Italics ours.) This section protects the permanent status of a regular officer upon his promotion to a higher temporary rank and shows that officers so temporarily appointed are not in the “permanent Navy or Marine Corps,” as distinguished from officers holding regular commissions. It was necessary for the officer to take an examination to procure a permanent appointment, but no such provision existed with reference to temporary appointments.
Section 9 of the act provides “That any officer of the permanent Navy or Marine Corps, temporarily advanced in grade or rank in accordance with the provisions of this act, who shall be retired from active service under his permanent commission while holding such temporary rank, except for physical disability incurred in line of duty, shall be placed on the retired list with the grade or rank to which his position in the permanent Navy or Marine Corps at the date of his retirement would entitle him, and any person originally appointed temporarily, as provided in this act, shall not be entitled to any rights oj retirement, except for physical disability incurred in line of duty.” (Italics ours.)
Officers first receiving a temporary appointment under this section are not entitled to rights of retirement except in cases of disability incurred in line of duty, inasmuch as *595 Congress did not intend that they should remain in service after the then existing emergency ceased.
We think these and other sections of the act clearly establish the temporary character of the appointment in question and that his temporary appointment in the temporary service of the Marine Corps can not be regarded as a first appointment in the permanent service under the joint service pay act of June 10, 1922.
The case of Webb v. United States, supra, arose under the act of June 3, 1916, making all appointments of persons, other than graduates of the United States Military Academy, to the grade of second lieutenant in the Regular Army provisional for a period of two years, at the close of which period it was provided that such appointments should be made permanent under certain conditions. No new appointment was necessary. The statute merely provided a summary method of terminating the appointment of those found unsuitable for the service. Webb’s appointment was a provisional appointment in the Regular Army and was in no sense a temporary one. This case arises under a different statute which specifically provides that the personnel of the Marine Corps to which he was appointed was temporary and that his appointment thereto was also temporary.
The motion for a new trial is therefore overruled.
Whaley, Judge; Williams, Judge; GreeN, Judge; and Booth, Chief Justice, concur.